# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DISTRICT

**RICK AXLEY,**

    **Plaintiff,**

**v.**                                                           No. 1:18-cv-1106-STA-cgc

**COMMISSIONER,**
**SOCIAL SECURITY**
**ADMINISTRATION,**

    **Defendant.**

## ORDER DENYING MOTION TO REMAND

Plaintiff filed a motion to remand this action on December 19, 2018, pursuant to *Lucia v. SEC*, 138 S. Ct. 2044 (2018). (ECF No. 12.) Plaintiff contends that the ALJ who decided his claim was an "inferior officer" within the meaning of the United States Constitution's Appointments Clause and, thus, seeks to challenge the constitutional authority the ALJ had to decide his disability case. The Commissioner has filed a response to the motion. (ECF No. 15.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

In his motion, Plaintiff acknowledges that this Court has previously considered and rejected a request to remand a case pursuant to *Lucia* in *Faulkner v. Comm'r of Soc. Sec.*, 2018 WL 6059403 (W.D. Tenn., November 19, 2018). In that case, the Court found that the claimant had not shown good cause for not raising the Appointments Clause issue at the administrative level and denied the request for remand. Plaintiff admits that he, too, failed to address the issue at the administrative level, but he argues that good cause for such a failure exists in his case because raising the issue would have been futile. In support of his argument, he cites to *Muhammad v.*

*Berryhill*, 2:18-cv-00172 (E.D. Penn., Nov. 2, 2018). In that case, the Magistrate Judge issued a Report and Recommendation recommending a remanded despite the failure to raise the Appointments Clause issue at the administrative level on the ground of futility.

As noted by the Commissioner, the order in *Muhammad* is a non-final and non-precedential report and recommendation from another circuit. Additionally, that matter has not yet been resolved by a district court judge. Moreover, the report of the Magistrate Judge is unpersuasive in light of the overwhelming precedent relying on the language in *Lucia* requiring "a timely challenge." *See e.g.*, *Page v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 902 (E.D. Mich. Oct. 31, 2018) (denying the plaintiff's motion to amend her complaint to raise a post *Lucia* Appointments Clause claim on the ground that she did not raise it at the administrative level, and, thus, the claim was forfeited); *Davidson v. Comm'r of Soc. Sec.*, 2018 WL 4680327 (M.D. Tenn. Sept. 28, 2018) ("Because Plaintiff did not raise her as applied constitutional challenge at the administrative level or argue that she had good cause for her failure to do so, Plaintiff has waived her challenge to the appointment of her Administrative Law Judge."); *accord Blocker v. Colvin*, 2018 WL 6424706 (W.D. Tenn., December 6, 2018).

The plaintiff in *Page* contended that she "was unable to raise the Appointments Clause argument at the administrative level or earlier in the current briefing schedule because *Lucia* was not filed until June 18, 2018, and because of "Defendant's continued concealment of facts" relating to whether the ALJ presiding at the administrative hearing was constitutionally appointed. 344 F. Supp. 3d at 903. The Court rejected this argument.

> The facts of this case do not warrant making an exception to the general rule that the failure to bring as-applied claims at the administrative level results in waiver. First, Plaintiff's argument that he was unaware of the constitutional inadequacy of the presiding ALJ while the case was at the administrative level is unavailing.

2

> Although the administrative process in *Jones Brothers*[, *Inc. v. Sec'y of Labor*, 898 F.3d 669, 677 (6th Cir. 2018)] predates the current case, the *Jones Brothers* plaintiff noted a "circuit split" on the issue of the appointment of ALJs while its case was still at the administrative level. In contrast, current Plaintiff failed to raise, much less develop the Appointments Clause issue at the administrative level although the split in authority occurred long before the application for benefits was considered by the Appeals Council. Second, while Plaintiff claims that she did not receive an opportunity to make a constitutional challenge at the administrative level, she did not challenge the validity of the ALJ's appointment in either her prehearing brief, at the hearing. or before the Appeals Council. In defense of her failure to raise the level at the administrative level, Plaintiff cites an August 6, 2018 Social Security memorandum stating that ALJ's are "not to respond" to constitutional challenges to their appointments. However, the same memorandum states that such challenges may be brought before the Appeals Council[.]

*Id.* at 904-05 (footnotes omitted).

As in *Page*, in this case, Plaintiff "failed to raise, much less develop the Appointments Clause issue at the administrative level although the split in authority occurred long before the application for benefits was considered by the Appeals Council."1  *See Flack v. Comm'r of Soc. Sec.*, 2018 WL 6011147 at *3 (S.D. Ohio Nov. 16, 2018) ("Like the plaintiff in *Page*, Plaintiff failed to make any noise regarding her Appointments Clause challenge during the administrative proceedings.")

In support of his argument, Plaintiff points to an Emergency Message to ALJs issued by the Social Security Administration in January 2018 with instructions to merely acknowledge any Appointments Clause challenge "[b]ecause SSA lacks the authority to finally decide constitutional issues such as these." *Social Security Administration EM-18003, Important Information Regarding*

---

1 By the time Plaintiff received his final agency decision on March 24, 2017, there was already a split of authority on the issue of whether SEC ALJs were constitutionally appointed. *Compare Bandimere v. SEC*, 844 F.3d 1168 (10th Cir. 2016) (finding the appointments unconstitutional), with *Lucia v. SEC*, 832 F.3d 277 (D.C. Cir. 2016) (rejecting the argument that appointments were unconstitutional).

3

*Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process*.  Plaintiff reasons that, had he raised the issue at the time of his hearing, the ALJ likely would have simply noted the challenge in his decision. But, this would at least have preserved the issue.  And, as noted by the Commissioner, the emergency message was not effective until January 30, 2018. The ALJ issued his decision on March 24, 2017, which preceded the effective date of the emergency message by nine months.

Plaintiff's failure to assert a challenge to the ALJ's appointment at any point in the administrative proceedings forfeited his Appointments Clause claim. Plaintiff's argument that his failure to raise the issue should be excused on the ground of futility is without merit, and the motion to remand is **DENIED.**

Plaintiff's brief in support of his appeal is due thirty (30) days from the entry of this order.

**IT IS SO ORDERED.**

                                                s/ S. Thomas Anderson
                                                S. THOMAS ANDERSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

                                                Date:   February 7, 2019