# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| RICK AXLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 1:18-cv-1106-STA-cgc |

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

Upon consideration of Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) [1] (ECF No. 24), the Court finds the following:

Plaintiff filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability benefits under the Social Security Act. On April 10, 2019, upon motion of the Commissioner, the Court entered an order reversing the decision of the Commissioner and remanding under sentence four of 42 U.S.C. § 405(g). Subsequently, Plaintiff was awarded benefits.

Plaintiff's counsel requests fees in the amount of $10,980.70, which represents 25% of the past due benefits due to Plaintiff as a result of his claim minus fees previously received by Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The

---

[1] An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A).

actual amount of the 25% withheld was $13,903.90. Plaintiff's counsel is asking for this amount after an off-set of $2,923.20 that was awarded to him under the EAJA, i.e., $10,980.70.

The Commissioner has filed a response to Plaintiff's motion. (ECF No. 25.) The Commissioner does not object to the amount requested but correctly notes that the proper approach is to award the entire $13,903.90 withheld, and then order the attorney to refund the $2,923.20 EAJA fee to Plaintiff. *See Jankovich v. Bowen*, 868 F. 2d 867, 871 n.1 (6th Cir. 1989) (explaining that attorneys may not recover both EAJA fees and § 406(b) fees in the same case and must refund the smaller amount to the plaintiff in the event that both fees are awarded.)

The Court must independently determine whether the amount of fees is reasonable. In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court rejected the use of the "lodestar" method of awarding attorney fees under the Social Security Act, holding that courts should instead look first to the contingent-fee agreement, then test it for reasonableness. *Id.* at 808. A reduction in the contingent fee may be appropriate based on "the character of the representation and the results the representative achieved." *Id.*

After *Gisbrecht*, most courts have been "deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (quoting *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)). Courts have approved contingent fees translating to very large effective hourly rates. *See*, *e.g.*, Mudd v. Barnhart, 2005 WL 1940020 (4th Cir.) (effective hourly rate of $736.84); *Yarnevic*, 359 F. Supp. 2d at 1365 (effective hourly rate of $643).

The Court finds that, in the present case, the time spent by Plaintiff's counsel prosecuting this matter was reasonable and necessary and the effective hourly rate is reasonable. Therefore,

Plaintiff's counsel is **AWARDED** $13,903.90 under the Social Security Act, and the Social Security Administration is directed to forward that amount to counsel out of the past-due benefits withheld. The Court **ORDERS** Plaintiff's attorneys to refund to Plaintiff the EAJA award of $2,923.20 already received upon receipt of the aforementioned fee.

    **IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 16, 2020